JENKINS and another *v.* STETSON.

SAME *v.* FERGUSON.

*(Circuit Court, D. Massachusetts.   September 20, 1887.)*

1. PATENTS FOR INVENTIONS—CLAIMS IN REISSUE—SUBCOMBINATIONS.
    Subcombinations may be claimed in a reissue of letters patent, if shown in the original as performing the same function, even though claimed only as a part of a larger combination.

2. SAME.
    Where a reissue is applied for less than six months after the grant of the original patent, in which combinations are described which are found in the original patent, being merely subcombinations of the combination therein described, such reissue will not be held void simply for the absence of a showing of inadvertence or mistake.

3. SAME—BROADER CLAIMS IN REISSUE.
    Reissued letters patent, granted December 24, 1872, to J Hyslop, Jr., for an improvement in machines for making shoe-shanks, described an arrangement of a fixed bending-die for bending a plate to form the middle curve of the shank, and actuating devices therefor, in a machine for cutting and punching said blanks, so as to receive the blanks from said cutting devices, and bend and discharge them automatically.   Reissue of April 9, 1878, described, in such a machine, a plate, a convex-faced bender-plate, and a concave face, in combination.   *Held,* that the latter description, embracing fewer elements than the former, was broader in its claims, and the reissue so far void.[1]

4. SAME.
    Reissued letters patent, granted to J. Hyslop, Jr., December 24, 1872, for an improvement in machines for making shoe-shanks, described bending-dies constructed and arranged to form the middle bend and the reverse bends by one and the same operation of the dies.   Reissue of April 9, 1878, claimed a fixed bending-die, movable bending-die, and projections whereby the middle and reverse bends of the shoe-shank are formed.   *Held* that, while the second claim was more specific, it described the same elements, and was not broader than the first.

In Equity.

*C. H. Drew,* for complainant.

*W. A. Macleod,* for defendant Stetson.

*D. H. Rice,* for defendant Ferguson.

COLT, J.   The demurrer filed to this bill raises the question of the validity of reissued letters patent, dated April 9, 1878, granted to J. Hyslop, Jr., for improvement in machines for making metallic shoe-shanks.   The original patent was dated July 16, 1872, and contained one claim, as follows: "The combination of the punching mechanism, the cutting mechanism, and the bending mechanism, arranged to operate substantially as described."   About five months thereafter, on December 24, 1872, the first reissue was granted with the following additional claims:

"(2) The arrangement of a fixed or stationary bending-die and a movable bending-die of suitable form for bending a plate to form the middle curve of

---

[1] Concerning the validity of reissues of letters patent, see Asmus v. Alden, 27 Fed. Rep. 684, and note.

a shoe-shank, and actuating devices therefor, in a machine adapted for cutting and punching said blanks, in such manner that the blanks are received in the bending-dies from the cutting devices, and bent and discharged automatically, substantially as specified.

"(3) The said bending-dies, constructed and arranged to form the middle bend and the reverse bends by one and the same operation of the dies, substantially as specified."

On April 9, 1878, more than five years after this, a second reissue was granted, with a further expansion of claims to the number of six, which are here given, except the first, which is the same in both reissues as in the original:

"(2) In a machine for making metallic shoe-shanks, the plate, $d^2$, the convex-faced bender-plate, $w$, and the concave face, $v$, in combination, for the purpose above specified.

"(3) In a machine for making metallic shoe-shanks, the combination, with the fixed or stationary bending-die and movable bending-die, of a pair of stoppins, $c^2$, secured to the top, and plate, $d^2$, at the bottom, of the movable die, for arresting and holding the blanks, as described.

"(4) In a machine for making metallic shoe-shanks, the combination, with the fixed or stationary bending-die and movable bending-die, of a pair of pins or projections, $e^2$, extending from the bender-plate, whereby the middle and reverse bends of a metallic shoe-shank are formed at one and the same operation, as described.

"(5) In a machine for making metallic shoe-shanks, the combination of the cutting and punching mechanism, chute, $m$, $h$, stop-pins, $c^2$, dies, $v$, $w$, and projections, $e^2$, all arranged and operating in relation to each other substantially as described, whereby the shoe-shank is cut and punched, conducted to the dies, pressed into shape, and discharged automatically.

"(6) In a machine for making metallic shoe-shanks, in combination with the concave-faced stationary die, $v$, the reciprocating convex-faced bender-plate or die, $w$, with stop-pins, $c^2$, projections, $e^2$, and plate, $d^2$, secured thereto, as described, for the purposes specified."

The specifications and drawings are in substance the same in the reissues as in the original patent. The validity of the first reissue is attacked on the ground that no inadvertence, accident, or mistake is shown, such as would warrant the granting of a reissue under the statute; and, secondly, because the reissue contains broader claims than the original patent. The present hearing is upon demurrer. The bill alleges that the patent was surrendered for good and legal cause, and duly reissued. The combinations which go to make up the two additional claims in the first reissue are found described in the original patent. They are in fact but subcombinations of the general combination which constitutes the only claim in the original patent. The reissue was applied for in less than six months after the grant of the original patent. Under these circumstances, I am not prepared to hold that the reissue is void because no inadvertence or mistake is shown. As to the second objection, I do not understand that the law as it now exists, under the recent decisions of the supreme court, precludes a patentee from obtaining a reissue with broader claims than those covered by his original patent, provided that he is not guilty of laches in applying for such reissue, and the reissue is for the same invention as the original. In

*Miller* v. *Brass Co.*, 104 U. S. 350, the court say: "But in reference to reissues made for the purpose of enlarging the scope of the patent, the rule of laches should be strictly applied; and no one should be relieved who has slept upon his rights, and has thus led the public to rely on the implied disclaimer involved in the terms of the original patent." In the present case it is not seriously contended that there was unreasonable delay in applying for the first reissue. Nor can it be said that the new and broader claims of the first reissue are for a different invention from that described in the original patent, because the specifications and drawings in both are in substance identical. As I have already said, the two additional claims of the first reissue are subcombinations of the more general claim in the original patent. A subcombination may be claimed in a reissue if it was shown in the original as performing the same function, even though it was claimed only as a part of a larger combination. Walk. Pat. § 245, and cases cited.

The original specification states that "the invention relates to the organization of a machine by which, from sheet steel or other metal of requisite width, shanks for boots and shoes are cut, punched, and bent, and have their opposite ends reverse bent, the operations-being continuous or automatically successive; and the invention consists in the combination and arrangement of mechanism for cutting, punching, and bending shoe-shanks." It is sought by this language, which also appears in the reissues, to limit the scope of the invention to the combination of the cutting, punching, and bending devices which are embraced in the first claim. But this language of the patent does not, it seems to me, forbid the patentee from making additional claims for subcombinations in a reissue seasonably applied for, provided those subcombinations are found described in the original patent. Upon the whole I fail to find any valid objection to the validity of the first reissue.

As to the second reissue, it is apparent that any claims therein which are broader than those covered by the first reissue are void by reason of want of due diligence in making the application. The plaintiffs seek to uphold the second and fourth claims of the second reissue, on the ground that they are the same in substance, or more narrow than the second and third claims of the first reissue. *Gage* v *Herring*, 107 U. S. 640, 2 Sup. Ct. Rep. 819; *Gould* v. *Spicer*, 15 Fed. Rep. 344; *Cote* v. *Moffitt*, Id. 345. So far as the second claim of the first reissue and the second claim of second reissue, I am unable to agree with the plaintiffs that they are for the same combination. The words "and actuating device therefor, in a machine adapted for cutting and punching said blanks, in such manner that the blanks are received in the bending-dies from the cutting devices," in the second claim of the first reissue, make it clear that the arrangement covered by that claim embraced more elements than are contained in the corresponding claim of the second reissue, and consequently the claim in the second reissue is broader, and therefore void. But with respect to the third claim of the first reissue, and the fourth claim of the second, it seems to me that both are for the same combination. In the first reissue the claim is•for the bending-dies, constructed and arranged

to form the middle bend and the reverse bends, by one and the same operation, substantially as described; in the second reissue, the claim is for the fixed bending-die, movable bending-die and pins, or projections, $e^2$, whereby the middle and reverse bends of the shoe-shank are formed. While the language of the claim is more specific in the second reissue, the elements which go to make up the combination are the same as those described in the first reissue.   It follows that the demurrer to the bill must be overruled; and it is so ordered.   Demurrer overruled.